UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 11-945 (BJR) |
| UNITED STATES DEPARTMENT OF ) HOMELAND SECURITY, ) ) | |
| Defendant. ) ) | |

## MEMORANDUM ORDER

This action concerns a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*,

request. Plaintiff, the Electronic Privacy Information Center ("EPIC"), challenges defendant

United States Department of Homeland Security's ("DHS") response to EPIC's FOIA request

seeking DHS records related to the department's plans to utilize body scanner technology in the

context of surface transportation. Before the Court are parties cross-motions for summary

judgment. For the reasons set forth below, the Court concludes that it cannot reach the merits of

these motions until DHS submit an adequate segregability analysis, in accordance with standards

well established in this Circuit.

## I.    Background

On November 24, 2010, EPIC submitted a FOIA request to DHS seeking seven

categories records pertaining to DHS's activities in developing and using explosives detection

systems including "[a]ll contracts, proposals, and communications with private transportation

and shipping companies regarding the implementation of body scanner technology in surface

transit" and "all contracts, proposals, and communications with the manufacturers of the 'Z

Backscatter Vans." Compl. ¶ 16.

According to DHS, the Explosives Division (EXD) staff identified 21 records,

comprising approximately 1,100 pages, as potentially responsive to EPIC's request. *Id.* at ¶14.

Initially, the agency released 15 pages in full, 158 pages in redacted form, and withheld 983

pages in their entirety. DHS invoked FOIA Exemptions 3, 4, 5 and 6 to justify its decisions to

withhold this information.[1] *Id.,* ¶ 17; *see* Declaration of Rebecca Medina. It also claimed that it

had disclosed all reasonably segreable material.

After this lawsuit was filed, DHS disclosed an additional 151 pages in their entirety and

21 pages in redacted form. According to DHS, these new disclosures resulted from DHS's

additional review of the withheld records to determine whether any additional non-exempt

information could be reasonably segregated and disclosed. The department released three

additional records, two that had been withheld in full one and one that had been withheld in part.

Thus, in total, DHS has withheld 17 records in full or in part. Def.'s Statement of Facts, at ¶ 14.

EPIC challenges DHS's reliance on Exemptions 4 and 5 and that DHS has not properly

segregated materials that are not exempt from disclosure. DHS denies all allegations.

## II.   Legal Standard for Segregability Analysis

An agency may withhold information responsive to a FOIA request only if the

information falls within an enumerated statutory exemption. 5 U.S.C. § 552(b). FOIA mandates

that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting

---

[1]      Under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) agencies must, as a general
matter,  prepare an itemized index that correlates each withheld document with a specific FOIA
exemption and a justification for non-disclosure.

such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). In practice, "[i]t

has long been the rule in this Circuit that non-exempt portions of a document must be disclosed

unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v.

United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). The withholding

agency has the "burden of demonstrating that no reasonably segregable information exists within

. . . documents withheld." *Loving*, 550 F.3d at 41.

"So important is the segregability inquiry under FOIA that 'it is error for a district court

to simply approve the withholding of an entire document without entering a finding on

segregability, or the lack thereof.'" *Animal Defense Fund v. Dep't of the Air Force*, 44 F. Supp.

295, 301 (D.D.C. 1999) (quoting *Schiller v. NLRB*, 964 F.2d 1205, 1210 (D.C. Cir. 1992)).

Indeed, in this Circuit, a district court considering a FOIA action has "an affirmative duty to

consider the segregability issue sua sponte." *Trans- Pacific Policing Agreement v. United States

Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

A segregability analysis must include "a relatively detailed justification, specifically

identifying the reasons why a particular exemption is relevant and correlating those claims with

the particular part of a withheld document to which they apply." *King v. U.S. Department of

Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987). While the agency is not required to provide so

much detail that the exempt material effectively would be disclosed, *Mead Data*, 566 F.2d at 269

n.55 and "need not commit significant time and resources to the separation of disjointed words,

phrases, or even sentences which taken separately or together have minimal or no information

content," *Mead Data*, 566 F.2d at 26, it must show "with 'reasonable specificity'" why a

document cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d

3

575, 578-79 (D.C. Cir. 1996). As well, agencies must provide factual support for an essential

element of the claimed privilege. *See Senate of Puerto Rico v. Dep't of Justice*, 823 F.2d 574,

585 (D.C. Cir. 1987). For example, in *Animal Defense Fund*, the court found "patently

insufficient" an agency official's conclusory statement that the agency had segregated all

"reasonably segregable because it was so intertwined with protected material that segregation

was not possible or its release would have revealed the underlying protected material." 44 F.

Supp. at 301. Accordingly, the court ordered the agency to resubmit a segregability analysis that

met this Circuits factual specificity requirements. *Id.*

A comparable deficiency exists in this case. DHS claims that, to the extent the records

contain "purely" factual information, such information is "inextricably intertwined" with the

opinions and deliberations of DHS and its consultants. In support of its argument that is has met

the segregation requirements, DHS cites Medina's affidavit. The relevant paragraph in that

declaration states, in full:

> Subsequent to this action being filed, a further review of the withheld
> information has been done in order to determine whether any additional
> non-exempt information could be segregated and released. As a result, DHS
> has released to EPIC two records that had been withheld in full, all
> information that had been withheld in part in another record, and segregable
> information from three additional records withheld in part.

Medina Decl., ¶ 25. Neither this paragraph nor the Vaughn index suffices. Neither

representation specifies why the material at issue cannot be segregated. As well, DHS provides

no factual support to justify the withholding. Instead, the department merely represents that

documents have been reviewed for segregable material, and that, as a result of this review,

portions of two records have been released. What is more, it is not even evident from the DHS's filing whether or not *every* document at issue has actually been reviewed for segregable material.

As a result, the Court concludes that DHS has failed to meet its burden of demonstrating that withheld documents contain no reasonably segregable factual information. *See Mokhiber v. U.S. Dept. of Treasury*, 335 F. Supp. 2d 65, 69 (D.D.C. 2004), *citing Army Times Pub. Co. v. Department of Air Force*, 998 F.2d 1067, 1068 (D.C. Cir. 1993). Without an adequate analysis, the Court cannot evaluate the parties' arguments as to the applicability of each exemption at issue. Indeed, for the Court proceed without a finding on segregability would be error. *Schiller*, 964 F.2d at 1210.

## III. Conclusion

For the forgoing reasons, the Court concludes that DHS's segregability analysis is insufficient. Accordingly, it is hereby

**ORDERED** that DHS produce an adequate segregability analysis, in accordance with the standards set forth in this order, no later than May 31, 2012.

DATED this 11th day of May, 2012

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE