UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION ) 
CENTER, )
 )
    Plaintiff, )
 )
    v. ) Civil Action No.: 11-00945 (BJR)
 )
UNITED STATES DEPARTMENT )
OF HOMELAND SECURITY, )
 )
    Defendant. )
_____ )

## SUPPLEMENTAL DECLARATION OF REBECCA MEDINA

I, Rebecca Medina, make this supplemental declaration in support of Defendant's Motion for Summary Judgment.

1. I am a Senior Policy Advisor in the Explosives Division (EXD), Science and Technology Directorate (S&T), Department of Homeland Security (DHS). I have held this position since becoming a Federal employee in 2008. Before becoming a Federal employee, I was an employee of Booz, Allen, Hamilton, Inc., assigned to DHS as a program analyst.

2. In my current capacity, my responsibilities include advising the Director of EXD on all external and internal administrative tasks related to the EXD mission. My responsibilities as Senior Policy Advisor have also given me awareness and knowledge of all EXD projects, past and present, making me uniquely qualified to handle the search for records pursuant to Freedom of Information Act (FOIA) requests that are received with respect to EXD activities.

3. I have been made aware that on May 11, 2012, the Court issued an order directing DHS to submit a segregability analysis with respect to the records that have been withheld in full or in part in response to a Freedom of Information Act request submitted by the Electronic

Privacy Information Center (EPIC). I have reviewed these records line-by-line, to confirm that the withheld information is exempt from disclosure, and I am satisfied that all reasonably segregable portions of the relevant records have been released to EPIC in this matter. In my determination, any further release of the exempted materials could reasonably lead to the disclosure of information that is properly protected by the exemptions asserted.

4. I set forth below for each of these records the exemption under which information was withheld, the reasons why the withheld information is exempt, and the particular parts of the withheld information to which each exemption applies.

5. Document #1. This record is a 38-page competitive contract proposal entitled *"Proposal for Non-Intrusive Detection of Suicide Bombers,"* dated July 20, 2006. This record has been withheld in full under exemption (b)(3) because the entire record constitutes a competitive contract proposal submitted by Rapiscan Systems in response to DHS's Broad Agency Announcement (BAA) 05-03. As such, it is protected from release in its entirety by 41 U.S.C. § 4702(b) (formerly codified as 41 U.S.C. § 253b(m)), which states that a "proposal in the possession or control of an executive agency may not be made available to any person under section 552 of title 5," *i.e.*, the Freedom of Information Act. Because the entire record is a competitive proposal, it does not contain any reasonably segregable information.

6. Document #2. This record is a 30-page competitive contract proposal entitled *"Non-Intrusive Detection of Suicide Bombers,"* dated April 8, 2005. This record has been withheld in full under exemption (b)(3) because the entire record constitutes a competitive proposal submitted by Rapiscan Systems in response to BAA 05-03. It is therefore protected from release in its entirety by 41 U.S.C. § 4702(b). Because the entire record is a competitive proposal, it does not contain any reasonably segregable information.

2

7. Document #3. This record is a 25-page competitive contract proposal entitled *"BomDetec-Wide Area Surveillance and Suicide Bomber at >10M,"* dated September 16, 2005. This record has been withheld in full under exemption (b)(3) because the entire record constitutes a competitive contract proposal submitted by Northeastern University in response to BAA 05-03. It is therefore protected from release in its entirety by 41 U.S.C. § 4702(b). Because the entire record is a competitive proposal, it does not contain any reasonably segregable information.

8. Document #4. This record is a 96-page competitive contract proposal entitled *"BomDetec-Wide Area Surveillance and Suicide Bomber at >10M,* Phase II." The record has been withheld in full under exemption (b)(3) because the entire record constitutes a competitive contract proposal submitted by Northeastern University in response to BAA 05-03. It is therefore protected from release in its entirety by 41 U.S.C. § 4702(b). Because the entire record is a competitive proposal, it does not contain any reasonably segregable information.

9. Document #5. This five-page record is an email dated April 30, 2008, plus three attachments from a Northeastern University employee to a DHS employee conveying his beliefs and opinions regarding how to conduct the BomDetec research program. This record has been withheld in full. After conducting a line-by-line review, I concluded that the email is replete with the author's opinions concerning further development of the program which are exempt from disclosure under exemption 5 as deliberative process. The attachments set forth additional information on how to implement the options identified by the author. All of the information contained in the attachments is also exempt from disclosure under exemption 5 as deliberative process. In my determination, there is no reasonably segregable information that could be released from this record without divulging deliberative process information.

3

10. Document #6. This record is an eight-page record submitted by Rapiscan Systems setting forth procedures for factory acceptance of its Whole Body Imager. Rapiscan Systems considers the entirety of the record's contents to be confidential commercial information and therefore the record has been withheld in full under exemption 4. I have conducted a line-by-line review to determine whether the record contains any non-proprietary DHS information and have concluded it does not. The record therefore does not contain any reasonably segregable information.

11. Document #7. This record is a 39-page Power Point slide presentation by Rapiscan about itself and its product capabilities. Rapiscan considers the entirety of the record's contents to be confidential commercial information and therefore the record has been withheld in full under exemption 4. I have conducted a line-by-line review to determine whether the record contains any non-proprietary DHS information and have concluded it does not. The record therefore does not contain any reasonably segregable information.

12. Document #8. This record is five pages of meeting minutes concerning a preliminary design review between representatives from Rapiscan Systems and DHS. The record was withheld in full under exemptions 4, 5 and 6. The record as a whole reveals the DHS's deliberative process as it summarizes information related to agency personnel thoughts, considerations, suggestions and conclusions regarding the research being performed. This document was not a deliverable under the contract, but a record memorializing the deliberative process on how to proceed with this contracted effort. Nothing in this meeting was finalized. Additionally, Rapiscan Systems considers the entirety of the information contained on the third and fourth pages, and the narrative information and contact information of Rapiscan Systems employees contained on the fifth page to be confidential commercial information and therefore

that information is also being withheld under exemption 4. Finally, personal private information in the form of telephone numbers and email addresses of the meeting attendees, from Rapiscan and DHS, has been withheld under exemption 6. The names of the attendees will be released. In my determination, there is no reasonably segregable information that could be released from this record without divulging deliberative process information. Additionally, the withheld proprietary and personal private information is not reasonably segregable.

13. Document #9. This 73-page record was submitted by Rapiscan Systems to DHS, and contains multiple monthly progress reports from October 2005 to June 2006 detailing Rapiscan Systems' progress in performing the contract awarded under BAA 05-03. Rapiscan Systems considers the entirety of the record's contents to be confidential commercial information and therefore the record has been withheld in full under exemption 4. Although bits of the record, in the form of sentence fragments or single sentences could be segregated and released, these bits would have minimal or no information context, either separately or taken together. These bits are therefore not reasonably segregable.

14. Document # 10. This record is a 30-page briefing, entitled "Non-Intrusive Detection of Suicide Bombers Interim Project Review Meeting," presented by Rapiscan Systems to DHS in March 2006. Rapiscan Systems considers the entirety of the record's contents to be confidential commercial information and therefore the record has been withheld in full under exemption 4. I have conducted a line-by-line review to determine whether the record contains any non-proprietary DHS information and have concluded it does not. The record therefore does not contain any reasonably segregable information.

15. Document #11. This record is a nine-page fully executed Technology Transfer Agreement between two DHS entities, the Science and Technology Directorate and the

Transportation Security Administration. This record has been released in full except for the images of the four signatory's signatures, which have been withheld as personal private information under exemption 6. None of the signatures is reasonably segregable.

16. Document #12. This record is a three-page slide presentation generated by DHS with proprietary information received form Rapiscan Systems. Rapiscan Systems considers some of the images and information to be confidential commercial information, and they have been withheld under exemption 4. The redacted information consists of three lines of information and one image on the first page; a chart containing product specifications and one image on the second page; and a chart containing product specifications on the third page. None of this information is reasonable segregable.

17. Document #13. This record is a single page notice to proceed from a DHS contracting officer to Northeastern University. The record has been released in full except for one phone number, two email addresses, and the image of the signatory's signature as personal private information under exemption 6. The redacted information is not reasonably segregable.

18. Document #14. This is a 72-page record containing government contract documents, including a statement of work. DHS considers certain financial information regarding unit pricing to be confidential commercial information because releasing it, in DHS's estimation, would discourage third parties from participating in DHS-sponsored research, thereby impeding DHS's research and development efforts. This financial information therefore has been withheld under exemption 4. This information is found on 13 pages of the record. All other information on these pages has been released. The *Vaughn* index submitted on August 22, 2011 (Dkt. 9-2) inadvertently omitted this justification for withholding. Additionally, personal private information in the form of images of signatures, email addresses and phone numbers has

been redacted under exemption 6. The remainder of the record has been released. The redacted information is not reasonably segregable.

19. Document #15. This is a 73-page record containing government contract documents, including a statement of work. Rapiscan Systems considers certain financial information regarding unit pricing to be confidential commercial information and this information has been redacted under Exemption 4. This information is found on three pages of the record. All other information on those pages has been released. Additionally, personal private information in the form of images of signatures, email addresses and phone numbers has been redacted under exemption 6. That same information as it pertains to Rapiscan Systems employees has also been redacted under exemption 4. The remainder of the record has been released. The redacted information is not reasonably segregable.

20. Document #16. This is a one-page email, dated March 2006, between Rapiscan Systems and DHS. The email summarizes a DHS visit to Rapiscan Systems to review the Secure Standoff project. The email was released in full except for one and half sentences regarding changes in the number of detectors being used for testing and the standoff distances, information which Rapiscan Systems considers confidential commercial information and which therefore has been redacted under exemption 4. Additionally, personal private information in the form of the email address and telephone number of the sender, a Rapiscan Systems employee, has been redacted under exemptions 4 and 6. The redacted information is not reasonably segregable.

21. Document #17. This seven-page record is a seven page document compiled by DHS employees. The first two pages are standard Rapiscan Systems literature about its products and have been released. I am also aware that Rapiscan Systems considers the telephone numbers and email addresses of its employees contained on the seventh page to be proprietary and

therefore that information should be under exemption 4. Pages three through six were redacted in full because they contain information deemed to constitute deliberative process and confidential commercial information. Specifically, the third page, which is a Power Point slide, contains two bullet entries setting forth the strengths and considerations for Rapiscan Systems' development of a non-intrusive explosive detection device. Rapsican Systems considers this information to be confidential commercial information and it is therefore withheld under exemption 4. This information is not reasonably segregable. The remainder of the third page, as well as the fourth, fifth and sixth page in their entirety, contain a summary of actions Rapiscan Systems is expected to undertake as it performs it contract. The information constitutes the government's deliberative process and it is therefore withheld under exemption 5. Although bits of this information, in the form of sentence fragments or single sentences could be segregated and released, these bits would have minimal or no information context, either separately or taken together. These bits are therefore not reasonably segregable.

Executed on: May 31, 2012

Rebecca Medina
Senior Policy Advisor
Explosives Division
Science and Technology Directorate
Department of Homeland Security